IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

UNITED STATES OF AMERICA    )
                            )
VS.                         )   Criminal No. 4:13CR281
                            )
JUAN SOTO-ROBLES            )
LUIS MANUEL SORIA           )
THOMAS MITCHEM              )
SERGIO MARIN                )

CHANGE OF PLEA

BEFORE THE HONORABLE AMOS L. MAZZANT

UNITED STATES DISTRICT JUDGE

MARCH 6, 2015

APPEARANCES

FOR THE GOVERNMENT:        Mr. Ernest Gonzalez
                           Assistant United States Attorney
                           101 East Park Boulevard
                           Suite 500
                           Plano, Texas 75074
                           (972)509-1201

FOR THE DEFENDANT          Mr. Billy Jack Stovall
SOTO-ROBLES:               Attorney at Law
                           15455 Dallas Parkway
                           Suite 540
                           Addison, Texas 75001
                           (214)887-0911

FOR THE DEFENDANT SORIA:   Mr. John Hunter Smith
                           Attorney at Law
                           707 West Washington
                           P.O. Box 2228
                           Sherman, Texas 75091-2228
                           (903)893-8177

FOR THE DEFENDANT MITCHEM:   Ms. Bobbie Cate
                             Attorney at Law
                             120 South Crockett
                             Sherman, Texas 75090
                             (903)870-1007


FOR THE DEFENDANT MARIN:     Mr. Cadoc Artemio Menchu
                             Attorney at Law
                             2603 Oak Lawn Avenue
                             Suite 200
                             Dallas, Texas 75001
                             (214)629-7860


INTERPRETER:                 Ms. Melinda Gonzalez-Hibner

COURT REPORTER:              Ms. Lori Barnett
                             P.O. Box 1993
                             Van Alstyne, Texas 75495
                             (903)712-2273


Proceedings recorded by mechanical stenography, transcript

produced by CAT

PROCEEDINGS

THE COURT: 4:13cr281, the sixth defendant, United States of America vs. Juan Soto-Robles.

MR. STOVALL: Good morning, Judge.

THE COURT: Any objection to doing these together?

MR. STOVALL: No, Judge.

THE COURT: The 11th defendant, Luis Manuel Soria, and he's on bond. Mr. John Hunter Smith is here. Any objection, Mr. Smith, to doing these together?

MR. SMITH: No, Your Honor.

THE COURT: The 36th defendant, Thomas Mitchem. He's also on bond.

Ms. Cate, any objection to doing these together?

MS. CATE: No, Your Honor.

THE COURT: And then the 46th defendant, Sergio Marin.

And Mr. Menchu, any objection to doing these together?

MR. MENCHU: No, Your Honor. Your Honor, may we switch Mr. Marin closer?

THE COURT: Yes, that's fine. Go ahead and do that.

Okay. Gentlemen, we're going to start the proceedings. One thing I want to make sure, is we'll always start -- Mr. Soto-Robles, you'll always answer

first, and then we'll go down the line so we can get the individual answers on the record.

So if you'll raise your right hand and be sworn, we'll get started and see how this goes.

THE CLERK: You do solemnly swear that the testimony you shall give in the case now on hearing shall be the truth, the whole truth, and nothing but the truth so help you God.

DEFENDANT SOTO-ROBLES: (Through the interpreter) Yes, sir.

DEFENDANT MARIN: (Through the interpreter) Yes, sir.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Okay. And would you state your full name for the record.

DEFENDANT SOTO-ROBLES: Juan Soto.

DEFENDANT MARIN: Sergio Marin.

DEFENDANT SORIA: Luis Manuel Soria.

DEFENDANT MITCHEM: Thomas Mitchem.

THE COURT: Okay. How old are you?

DEFENDANT SOTO-ROBLES: 37.

DEFENDANT MARIN: 26.

DEFENDANT SORIA: 38.

DEFENDANT MITCHEM: 62.

THE COURT: And what is the last grade you completed in school?

DEFENDANT SOTO-ROBLES: High school.

DEFENDANT MARIN: Middle school.

DEFENDANT SORIA: Tenth grade.

DEFENDANT MITCHEM: Tenth.

THE COURT: And then for the ones that didn't complete high school, did you get your GED?

DEFENDANT SOTO-ROBLES: No.

DEFENDANT MARIN: No, sir.

THE COURT: Okay. Do you read, write, or speak English?

DEFENDANT SOTO-ROBLES: No.

DEFENDANT MARIN: No.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: And the first two defendants, we have the court interpreter here to assist you.

Now gentlemen, since you've taken the oath, you're now under penalties of perjury. If you give false answers during this hearing, your answers may later be used against you in a prosecution for perjury or false statement.

Do you understand?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: And then have each of you received a copy of the Second Superseding Indictment, and do you understand what you're charged with?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes, sir.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: And then for the first three defendants, is it your intent today to plead guilty to Count 2 of the Second Superseding Indictment that charges a violation of Title 21, United States Code, Section 846, conspiracy to possess with the intent to manufacture and distribute methamphetamine?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes.

THE COURT: And then as to Mr. Mitchem, is today your intent to plead guilty to Count 4 of the Second Superseding Indictment that charges also a violation of 21, U.S.C. Section 846, but it's conspiracy to possess with the intent to distribute heroin?

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Now gentlemen, if you have a question during these proceedings, just stop me and I'll try to answer any question that you might have. If you need time to consult with counsel, likewise stop me and I'll give you time to consult with counsel.

Do you understand?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes, sir.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Now have you discussed all the facts of the case with your attorney, as well as any defenses you might have to these charges?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: And then are you satisfied that your attorney has fully considered your case, as well as any defenses you might have to these charges?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: And are you fully satisfied that your

counsel has completely advised you?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Now I want to go over some of your constitutional rights. Do you understand that you have the right to persist in your plea of not guilty. You have the right to a speedy and public trial. You have the right to the assistance of counsel throughout all the proceedings, including trial. You have the right to confront and cross-examine the witnesses against you. You have the right to present a defense and the right to have witnesses subpoenaed to court to testify in your behalf. And you have the right against compelled self-incrimination, which just means the government can never force you to testify at any trial or hearing and the government may not comment upon your silence.

Do you understand that you have these rights?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes, sir.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Now if you plead guilty today, there will be no trial. You'll be giving up these

constitutional rights, with the exception of the right to continued assistance of counsel.

Do you understand and agree to them?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Now so that you will fully understand the nature of the charges against you, we have to go over the elements of the offense. In order to be found guilty of this offense the government would have to prove to the jury the elements of the offense beyond a reasonable doubt.

Now I'll have the government's counsel, Mr. Gonzalez, advise you of the elements of the offense for these offenses.

MR. GONZALEZ: Your Honor, the elements for Mr. Robles, Mr. Marin and Mr. Soria are the same, and they are for the Second Superseding Indictment, Count 2, and they are as follows;

Number one, that the defendant and one or more persons in some way or manner made an agreement to commit the crime charged in the Second Superseding Indictment. That is, to possess with the intent to distribute 500 grams or more of a mixture or substance containing a

detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual).

Secondly, that the defendant knew the unlawful purpose of the agreement and joined in it with the intent to further it.

And lastly, that the defendant knowingly and voluntarily joined in the agreement, that is, with the intent to further its unlawful purpose.

And then specifically to Mr. Mitchem, his elements are as follows;

First, that the defendant, or Mr. Mitchem and one or more persons in some way or manner made an agreement to commit the crime charged in the Second Superseding Indictment. That is, to possess with the intent to distribute two kilograms or more of a mixture or substance containing a detectable amount of heroin.

Secondly, that the defendant knew the unlawful purpose of the agreement and joined in it with the intent to further it.

And lastly, that the defendant knowingly and voluntarily joined in the agreement, that is, with the intent to further its unlawful purpose.

THE COURT: Okay. Thank you. Now indicate --

MS. CATE: Your Honor, if I may make a correction. It's one to three grams.

MR. GONZALEZ: One to three kilograms, that's correct.

THE COURT: Okay. So gentlemen, do you understand the nature of the charges and each of the elements of the offense as they've just been explained to you?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes.

THE COURT: Now if you plead guilty to the offense charged you'll be admitting to each of these elements. Do you understand?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Now I want to go over the penalties you can face by pleading guilty. For the first three defendants, that would be Mr. Robles, Marin and Soria, the maximum penalties the Court can impose include if 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), you're looking at not less than ten years and not more than life imprisonment, a fine not to exceed 10 million-dollars, or both, and

supervised release of at least five years.

Do each of you understand that?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes, sir.

THE COURT: And then Mr. Mitchem, the maximum penalties you can receive is if one kilogram or more of a mixture or substance containing a detectable amount of heroin, not less than ten years and not more than life imprisonment, a fine not to exceed 10 million dollars, or both, and supervised release of at least five years.

Do you understand that?

DEFENDANT MITCHEM: Yes, sir, I do understand.

THE COURT: So now for all of you, the minimum offense level the -- the penalty range is ten years. So it's a starting range of ten years to life.

Do you understand that?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes.

THE COURT: And then each of you are also subject to a mandatory special assessment of $100 which must be paid by cashier's check or money order to the U.S. District Clerk before sentencing. There could be

forfeiture of property involved or traceable to the criminal offense.  There could be restitution to the victims in the community and cost of incarceration or supervision.

Do you understand those penalties, as well?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes.

DEFENDANT SORIA:  Yes.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  Mr. Gonzalez, are there forfeiture provisions?

MR. GONZALEZ:  Yes, there are, Your Honor.

In regards to Mr. Soto-Robles, in paragraph six of his plea agreement he agrees to forfeit $7,630 and a 2005 Nissan Maxima, and it gives a a specific VIN number.

In regards to Mr. Marin, in paragraph six he agrees to forfeit a Bersa 380, serial number 773001 and a 2007 Honda CRV with a specific VIN number.

In regards to Mr. Soria, he agrees to forfeit in paragraph six a Glock Model 30, .45 caliber handgun, serial number MTE-160.

And in regards to Mr. Mitchem, he agrees to forfeit in paragraph seven of his plea agreement, a Armalite AR-30, 338 caliber rifle, serial number US213786.

THE COURT: Okay. So gentlemen, do you understand that all of you are subject to general forfeiture, and specifically the ones Mr. Gonzalez mentioned are subject to the forfeiture that is outlined in your plea agreement.

Do you understand that?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes, sir.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Okay. Do any of you have any questions regarding the penalties you can receive by pleading guilty?

DEFENDANT SOTO-ROBLES: No.

DEFENDANT MARIN: No, sir.

DEFENDANT SORIA: No.

THE COURT: Mr. Mitchem, if you have a question, go ahead and ask your counsel.

(Pause)

THE COURT: Okay. You asked your attorney a question, but the question the Court asked you is do you have any questions regarding the penalties?

DEFENDANT MITCHEM: No, sir.

THE COURT: Then are all of you U.S. Citizens?

DEFENDANT SOTO-ROBLES: No.

DEFENDANT MARIN: No, sir.

DEFENDANT SORIA: No, sir.

DEFENDANT MITCHEM: Yes.

THE COURT: Okay. For the first three defendants, you understand there's an immigration implication of pleading guilty. That after you serve whatever term of imprisonment, you're more than likely to be deported?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes.

DEFENDANT SORIA: Yes.

THE COURT: And Mr. Mitchem, have you pled guilty to a felony offense before?

DEFENDANT MITCHEM: No, sir.

THE COURT: So you understand today by pleading guilty to a felony offense, you are giving up certain valuable rights, such as the right to vote, the right to hold public office, the right to sit on a jury, and the right to possess any kind of firearm?

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Now for all the defendants, I'm going to go over the sentencing guidelines. Do you realize and understand that although sentencing guidelines are advisory, a guideline sentence will be calculated and the guidelines may apply in this case?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN:  Yes.

DEFENDANT SORIA:  Yes.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  Have you discussed with your attorney the sentencing guidelines and how they may be used?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  And do you understand the sentencing guidelines are not mandatory and the sentencing judge is not obligated to follow them in this case?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  And do you understand the sentencing guidelines -- do you understand the Court will not be able to determine the sentencing guidelines -- let me start that over again.

Do you understand the Court would not be able to determine the guideline sentence for your case until after the presentence report, the PSR, has been completed and you and the government have had the opportunity to challenge the facts and calculations as reported by the

probation officer?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes.

DEFENDANT SOTO-ROBLES:  Yes, sir.

DEFENDANT SORIA:  Yes, sir.

THE COURT:  And do you also understand the sentence imposed may be different from any estimate your attorney, the government, or even the probation officer may have given you?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  And since the sentencing guidelines are not binding on the Court, the sentencing judge may depart from them and sentence you up to the statutory maximum in this case.  Is that clear?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  And if the sentence you receive is more severe than you expect, you're still bound by your plea.

Do you understand that?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes.

DEFENDANT SORIA:  Yes.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  And do you also understand that parole has been abolished in the federal system, and if you're sentenced to a term of imprisonment, you would not be released on parole?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes.

DEFENDANT SORIA:  Yes.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  Okay.  Now I want to go over the plea agreements.  Do you all have your plea agreements, as well as the addendums in front of you?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes.

DEFENDANT SORIA:  Yes.

MS. CATE:  On behalf of Mr. Mitchem, yes, Your Honor.

THE COURT:  And then is the entire plea agreement contained either in the plea agreement or the addendum?

MR. STOVALL:  On behalf of Mr. Robles, yes, Your Honor.

THE COURT:  Well, I want the defendant to actually

answer that question.

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, it is.

THE COURT:  Is that your signature at the end of both documents?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  And did you have the opportunity to read the entire plea agreement, including the addendum, have it translated in your own language if necessary, and discuss it with counsel before you signed it?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  Okay.  I want to go over your guideline stipulations that are contained in the addendum.

For Mr. Soto-Robles, you've agreed that the base offense level is a 32 based on possession of the amount of drugs listed.

Second, pursuant to Section 2D1.1(b)(5) you've agreed to an increase of two levels.

And third, you have an agreement of a reduction of three levels for acceptance of responsibility could apply; however, that stipulation is subject to the recommendation of the U.S. Probation Office.

Do you understand that?

DEFENDANT SOTO-ROBLES: Yes.

THE COURT: And Mr. Marin, you've agreed in your guideline stipulations that your base offense level is a 38 based on the amount of drugs involved.

Second, you've also agreed to an increase of two levels under Section 2D1.1(b)(5). And also, you've agreed to the three level reduction for acceptance, subject to the recommendation of the U.S. Probation Office; is that correct?

DEFENDANT MARIN: Yes, sir.

THE COURT: And then -- so Mr. Soria, you've agreed in your guideline stipulation to a base offense level of 38 based on the amount of drugs listed.

You've also agreed to the two level increase for Section 2D1.1(b)(5) applies.

And third, you've agreed to a reduction of three levels for acceptance of responsibility, subject to the recommendation of the U.S. Probation Office.

And then fourth, that you agree that Section 2D1.1(b)(1) shall not apply to you; is that correct?

DEFENDANT SORIA: Yes, sir.

THE COURT: And then for Mr. Mitchem, you've agreed your base offense level is a 30 based on the amount of drugs involved. You've agreed to a reduction of three levels for acceptance of responsibility. Again subject to the recommendation of the U.S. Probation Office.

And that third, you qualify for a reduction under section 3B1.2 mitigating role adjustment is a reduction of two levels; is that correct?

DEFENDANT MITCHEM: That's correct.

THE COURT: And then Mr. Gonzalez, is that correct for all the defendants?

MR. GONZALEZ: Yes, Your Honor, it is correct as to all defendants.

THE COURT: And then gentlemen, you also have a paragraph that states you understand the Court is not bound by these stipulations, and that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range in your case. And that nothing in the agreement will preclude argument by either side regarding, you know, the specific offense guidelines -- specific offense or

guideline adjustments.

Do you understand that?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  Okay.  Gentlemen, do you have any questions regarding the terms of your plea agreement?

DEFENDANT SOTO-ROBLES:  No.

DEFENDANT MARIN:  No.

DEFENDANT SORIA:  No.

DEFENDANT MITCHEM:  No, sir.

THE COURT:  And then do you understand the plea agreement and all its terms?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, sir, I do.

THE COURT:  And then I want to go over one other provision, it's your waiver of right to appeal.  It's paragraph ten for the first two defendants, it is paragraph -- in your plea agreement.  For the first three it's paragraph ten, and then it's paragraph 13 for Mr. Mitchem.

Each of you are expressly waiving your right to

appeal the conviction, sentence, fine, order of restitution or order of forfeiture in this case on all grounds. Is that clear?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, it is.

THE COURT: And you're further agreeing not to contest the conviction, sentence, fine, order of restitution or order of forfeiture in any post conviction proceeding, including but not limited to a proceeding under 28, U.S.C. Section 2255.

Do you understand that?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: And you're reserving the right to appeal in two limited situations. One, any punishment imposed in excess of the statutory maximum.

And second, you're reserving the right to appeal or seek collateral review of the claim of ineffective assistance of counsel.

Do you understand that?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, sir, I do.

THE COURT:  And have each of -- let me ask defense counsel.  Have you discussed the plea agreement thoroughly with your client, including the provision on the waiver of appeal?

MR. STOVALL:  We have, Your Honor.

MR. MENCHU:  Yes, Your Honor.

MR. SMITH:  Yes, Your Honor.

MS. CATE:  Yes, Your Honor.

THE COURT:  In your opinion does your client understand the plea agreement in its entirety?

MR. STOVALL:  He does, Your Honor.

MR. MENCHU:  I believe so, Your Honor.

MR. SMITH:  Yes, Your Honor.

MS. CATE:  Yes, Your Honor.

THE COURT:  Okay.  I'll file the plea agreement and make those part of the record.

Now for the defendants, has anyone promised you anything other than what's contained in your plea agreement or made any other representation to you to get you to plead guilty?

DEFENDANT SOTO-ROBLES:  No.

DEFENDANT MARIN:  No, sir.

DEFENDANT SORIA:  No, sir.

DEFENDANT MITCHEM:  No, sir.

THE COURT:  Has anyone threatened you to get you to plead guilty?

DEFENDANT SOTO-ROBLES:  No.

DEFENDANT MARIN:  No.

DEFENDANT SORIA:  No.

DEFENDANT MITCHEM:  No, sir.

THE COURT:  And are you pleading guilty to help anybody else?

DEFENDANT SOTO-ROBLES:  I didn't understand the question.

THE COURT:  I said are you pleading guilty to help somebody else?  I'm just asking whether or not -- are you doing this for some other reason, other than the fact that you're guilty?  Whether it's helping somebody else or for some other reason.

DEFENDANT SOTO-ROBLES:  No.

DEFENDANT MARIN:  No.

DEFENDANT SORIA:  No, sir.

DEFENDANT MITCHEM:  No, sir.

THE COURT:  And then are you pleading guilty because you are in fact guilty of this offense?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  And have any of you been treated recently for any kind of mental illness or addiction to narcotic drugs of any kind?

DEFENDANT SOTO-ROBLES:  No.

DEFENDANT MARIN:  No.

DEFENDANT SORIA:  No, sir.

DEFENDANT MITCHEM:  I had depression and bipolar.

THE COURT:  Okay.  So are you taking medication for that, Mr. Mitchem?

DEFENDANT MITCHEM:  Yes.  I don't know the name of it though.

THE COURT:  Okay.  And let me ask you, how long have you been doing treatment for that?

DEFENDANT MITCHEM:  For about two years in the VA.

THE COURT:  Okay.  And do you believe that that treatment and medication you're taking, does it impact your ability to understand what's happening?

DEFENDANT MITCHEM:  No, I don't think so.

THE COURT:  Okay.  Do you believe you're competent?

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  And you know -- you think you know what's happening here today, and you understand what

you're doing?

DEFENDANT MITCHEM: Absolutely.

THE COURT: Let me ask the other defendants, are you currently on any medication or drug?

DEFENDANT SOTO-ROBLES: No.

DEFENDANT MARIN: No.

DEFENDANT SORIA: No, sir.

THE COURT: Okay. And does counsel for the government or counsel for defense have any doubt as to the defendants competence to plead guilty?

MR. GONZALEZ: No, Your Honor.

MR. STOVALL: No, Your Honor.

MR. MENCHU: No, sir.

MR. SMITH: No, Your Honor.

MS. CATE: No, Your Honor. I've talked with Mr. Mitchem numerous occasions and I believe he is competent.

THE COURT: Very good. Thank you.

Okay. We need to go over the factual basis for your pleas. Each of you have entered into a written factual statement. Do you have those in front of you?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes.

DEFENDANT SORIA: Yes.

DEFENDANT MITCHEM: Yes.

THE COURT: And is that your signature at the end of the document?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes, sir.

DEFENDANT MITCHEM: Yes.

THE COURT: And then did you have the opportunity to read over the factual statement, have it translated in your own language if necessary, and discuss it with counsel before you signed it?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes, sir.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: And then normally I would have the government read this in the record, but I'll give you the opportunity if you want to waive that today, to do so. Let me ask you, would you like to waive the right to have that factual statement read into the record? And I need the defendants to answer.

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes, sir.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Okay.

MS. CATE: We'll waive it.

THE COURT: Yes. And then the government and defense counsel, I assume there's no objection to doing that?

MR. GONZALEZ: No objection from the government, Your Honor.

THE COURT: Defense counsel have any objection?

MR. STOVALL: No, Your Honor.

MR. MENCHU: No objection.

MR. SMITH: No, Your Honor.

MS. CATE: No objection.

THE COURT: So let me ask you a few questions, gentlemen. Is everything contained in your written factual statement true and correct?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA: Yes, sir.

DEFENDANT MITCHEM: That's correct, sir.

THE COURT: And do you acknowledge and agree with these facts constituting proof of the commission of the offense and the charges against you in your indictment in every respect?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes.

DEFENDANT SORIA: Yes, sir.

DEFENDANT MITCHEM: Yes, sir.

THE COURT: Are there any changes you would make to the written factual statement that haven't already been done?

DEFENDANT SOTO-ROBLES: No.

DEFENDANT MARIN: No, sir.

DEFENDANT SORIA: No.

DEFENDANT MITCHEM: No, sir.

THE COURT: Okay. And are both the government and defense counsel satisfied there is a factual basis for these pleas based upon the written factual?

MR. GONZALEZ: Yes, Your Honor.

MR. STOVALL: Yes, Your Honor.

MR. MENCHU: Yes, sir.

MR. SMITH: Yes, Your Honor.

MS. CATE: Yes, sir.

THE COURT: Okay. I'll enter the written factual statements into the record.

And are both the government and defense counsel satisfied the Court has complied with all the requirements of Rule 11 today?

MR. GONZALEZ: Yes, Your Honor.

MR. STOVALL: Yes, Your Honor.

MR. MENCHU: Yes.

MR. SMITH: Yes, Your Honor.

MS. CATE: Yes, sir.

THE COURT: Let me ask defense counsel, are you aware of any reason whatsoever why your client is not able to enter a knowing and intelligent plea?

MR. STOVALL: No, Your Honor.

MR. MENCHU: No reason.

MR. SMITH: No, Your Honor.

MS. CATE: No, sir.

THE COURT: And has your client been cooperative, and have you discussed the facts of the case in detail with your client?

MR. STOVALL: He has, and we have, Your Honor.

MR. MENCHU: Absolutely, Your Honor.

MR. SMITH: Yes, Your Honor.

MS. CATE: Very much so.

THE COURT: And do you agree with his decision to plead guilty today?

MR. STOVALL: Yes, Your Honor.

MR. MENCHU: Yes, sir.

MR. SMITH: Yes, Your Honor.

MS. CATE: I do.

THE COURT: Let me ask the defendants: Do you understand everything that's gone on here today?

DEFENDANT SOTO-ROBLES: Yes.

DEFENDANT MARIN: Yes, sir.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  Do you have any questions of the Court?

DEFENDANT SOTO-ROBLES:  No.

DEFENDANT MARIN:  No.

DEFENDANT SORIA:  No.

DEFENDANT MITCHEM:  No, sir.

THE COURT:  And then -- well Mr. Mitchem, you kind of hesitated there.  If you have some questions, this is the time to ask it.

DEFENDANT MITCHEM:  No, sir.

THE COURT:  Okay.  And then are each of you pleading guilty because you are in fact guilty?

DEFENDANT SOTO-ROBLES:  Yes.

DEFENDANT MARIN:  Yes, sir.

DEFENDANT SORIA:  Yes, sir.

DEFENDANT MITCHEM:  Yes, sir.

THE COURT:  Okay.  So as to the first three defendants as to Count 2 of the Second Superseding Indictment that charges a violation of Title 21, United States Code, Section 846, how do you plead?

Mr. Soto-Robles?

DEFENDANT SOTO-ROBLES:  Guilty.

THE COURT:  And as to Mr. Marin?

DEFENDANT MARIN: Guilty.

THE COURT: And then Mr. Soria?

DEFENDANT SORIA: Guilty.

THE COURT: And then Mr. Mitchem, as to Count 4 of the Second Superseding Indictment, that also charges a violation of Title 21, United States Code Section 846, how do you plead?

DEFENDANT MITCHEM: Guilty.

THE COURT: It is the finding of the Court, gentlemen, in your case that each of are you fully competent and capable of entering an informed plea. That each of you understand the nature of these proceedings, you understand the consequences of your plea of guilty, that your plea of guilty is a knowing and voluntary plea supported by independent basis of fact containing each of the essential elements of the offense, and that each of you intended to do the acts you committed.

I'll therefore accept your plea of guilty and adjudge you guilty off the offenses you've been charged in the Second Superseding Indictment.

Okay. I guess for two of the defendants, you're currently in custody, the first two. You'll remain in custody pending your sentencing.

Is there anything further from those defendants?

MR. STOVALL: No, Your Honor.

MR. MENCHU: No, sir.

THE COURT: Okay. Then you can go back into custody of the marshal.

And as to Mr. Soria and Mr. Mitchem, did the government certify to allow both defendants remain on bond?

MR. GONZALEZ: We do, Your Honor.

THE COURT: Okay. I assume the defendants have no objection, so I will allow them to remain on their bond and you can be excused.

Anything further from anybody else before we recess?

MR. SMITH: Yes, Your Honor. If it would be possible, I would like to put some items on the record with my client.

THE COURT: Yes. Go right ahead.

MR. SMITH: May I approach?

THE COURT: Yes.

MR. SMITH: May I proceed?

THE COURT: Yes. Go ahead, Mr. Smith.

MR. SMITH: Mr. Soria, the Court asked you some questions earlier about your signature on a plea agreement and plea addendum and the factual statement and we answered yes; is that correct?

DEFENDANT SORIA: Yes.

MR. SMITH: And you signed those in my office?

DEFENDANT SORIA: Yes.

MR. SMITH: And the statement of facts you signed this morning; is that correct?

DEFENDANT SORIA: Yes.

MR. SMITH: Do you see your signature on each one of these, sir?

DEFENDANT SORIA: Yes.

MR. SMITH: Okay.

DEFENDANT SORIA: Yes.

MR. SMITH: When you were saying yes, you were saying yes to the plea agreement, plea agreement addendum, and the factual statement; is that correct?

DEFENDANT SORIA: Yes.

MR. SMITH: During the course of my representation and our plea negotiations with the government, there's been some questions about your immigration status, has there not?

DEFENDANT SORIA: Yes.

MR. SMITH: Okay. You've been in the United States for how long, sir?

DEFENDANT SORIA: Thirty-five years.

MR. SMITH: And you are not a U.S. Citizen; is that correct?

DEFENDANT SORIA: Never became a citizen.

MR. SMITH: And at no point -- there's been some -- some discussions about possible deferments of deportation, have there not?

DEFENDANT SORIA: Yes.

MR. SMITH: But there is no guarantees, is there, sir?

DEFENDANT SORIA: No.

MR. SMITH: And your plea here today is not conditioned on a what if, maybe, or any type of promise at all.

DEFENDANT SORIA: Yes.

MR. SMITH: And you understand that what the Court instructed, that this charge here can cause deportation.

DEFENDANT SORIA: Yes.

MR. SMITH: And our conversations in no way influenced you to enter your plea agreement here today regarding issues related to immigration.

DEFENDANT SORIA: Yes.

MR. SMITH: Nothing influenced you regarding our conversations regarding your immigration and a possible deferment of deportation.

DEFENDANT SORIA: No.

MR. SMITH: You understand that by going forward here today the likelihood is that you will be deported.

DEFENDANT SORIA: Yes.

MR. SMITH: Okay. That's all we have, Your Honor.

THE COURT: Okay. Thank you.

Anything from the government?

MR. GONZALEZ: No, nothing from the government.

THE COURT: Okay. Y'all are excused, sir. Thank you.

(End of proceedings)

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


/s/ Lori Barnett                    11/9/15
COURT REPORTER                      DATE